# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COLEMAN, et al., ) | 1:03cv6707 REC DLB |
| ) | |
| Plaintiffs, ) | ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION REGARDING DISCOVERY DISPUTES |
| v. ) | |
| ) | (Document 23) |
| AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiffs filed the instant motion regarding discovery disputes on July 26, 2005. The matter was heard on July 29, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Allen Broslovsky appeared on behalf of Plaintiffs. Michael G. Woods appeared on behalf of Defendant.

**BACKGROUND**

Plaintiffs Michael Coleman, Robert Stocker and Grant Williams ("Plaintiffs") filed this complaint for employment discrimination against their former employer Automobile Club of Southern California ("ACSC"), on November 26, 2003. Plaintiffs allege employment discrimination based on age under both federal and state law, breach of an implied in fact contract, breach of the covenant of good faith and fair dealing, and constructive discharge.

The Scheduling Conference Order dated June 7, 2004, has been amended, pursuant to the parties' stipulations, numerous times. The non-expert discovery deadline expired on May 30,

2005 and the expert discovery cut-off expired on July 13, 2005.

The parties appeared telephonically before the Honorable Dennis L. Beck, United States Magistrate Judge, on May 25, 2005, to discuss outstanding discovery disputes. According to the minutes of the conference, Plaintiffs requested an extension of the discovery deadline and Defendant objected. The Court directed the parties to file a formal motion addressing the discovery disputes.

By way of the instant motion, Plaintiffs seek to:

(1) Amend the Scheduling Conference Order to extend the discovery deadline, so that Plaintiffs may propound a request for production requesting the names, ages, salaries and positions of managerial employees as of January 1, 1998;

(2) Compel the deposition of ACSC President and CEO, Thomas McKernan; and

(3) Compel Sandra Adame to answer certain deposition questions.

**FACTS**

According to Plaintiffs, Plaintiffs were former District Managers for Defendant ACSC. At the time of the alleged misconduct, each Plaintiff was over 40 years old. In 1995, a new pay for performance plan was introduced. In 1996, a new sales management structure was introduced that shifted responsibilities from the District Managers to a new group of Sales Managers, who were mainly under 40 years old. Others in management level positions were either placed in lower grade positions with no salary reduction or were let go and offered buy-outs.

New duties were added to the District Manager position, but no new job description was provided. One year later, in December 1997, District Managers were told that their market rates had been lowered. Six months later, District Managers' goals were increased with no corresponding resources to assist with these goals.

In February 1999, market rates for District Managers were increased by 4.2%, but Plaintiffs contend that this actually reduced their compensation by as much as $12,000.00 per year. Plaintiffs eventually filed complaints with the Equal Employment Opportunity Commission ("EEOC") based on age discrimination.

**DISCUSSION**

A.   Request to Modify Scheduling Order and Reopen Discovery

Plaintiffs seek to discover information regarding the ages and salaries of all managers employed by Defendant in 1998,[1] and acknowledge that in order to do so, they must receive an extension of the discovery deadline as non-expert discovery ended on May 30, 2005.

Federal Rule of Civil Procedure 16(b) provides that a scheduling conference order shall not be modified except upon a showing of good cause.

Plaintiffs argue that their expert requested this information shortly before the May 2005 depositions of Dianne Grice and Robert Kane. Plaintiffs contend that they were led to believe that this information was available through deponent Dianne Grice. In support of their argument, Plaintiffs point to a conversation between the parties' counsel during the May 19, 2005, deposition of Robert Kane, in which Defendant's attorney, Michael Woods indicated that counsel could ask Ms. Grice about whether Defendant "look[ed] at an employee printout to determine how many people were over 40..." Joint Statement, at 10; Exhibit B, attached to Joint Statement, at 10. Ms. Grice, however, testified that although this information would be available on a computer payroll system, she didn't know this information. Exhibit A, attached to Joint Statement, at 86-91.

Plaintiffs contend that this information is readily available on Defendant's computer system and would therefore not create an additional burden.

Plaintiffs have failed to demonstrate good cause by failing to conduct discovery in a timely manner. Plaintiffs explain that they have the age and salaries of the District Managers, but contend that in looking this information over, they thought they could use the additional information as to *all* managers. Indeed, Plaintiffs concede that this information was first discussed in May 2005, shortly before the discovery cut-off date. Plaintiffs assert that good cause exists because Defendants led them to believe that the information could be obtained from Ms. Grice and that they made a reasonable mistake in relying on this statement.

---

[1] Plaintiffs submit the following Request for Production Number One: "A list or table indicating the names, ages, salaries and positions of managerial employees as of 1/1/98."

1    Regardless of what statements were made and whether Plaintiffs were reasonable in
2 relying on them, the fact remains that from the outset of this action, Plaintiffs knew, or should
3 have known, that information regarding all managers' ages, salaries, etc. would be necessary to
4 demonstrate that the change in compensation disproportionately affected Plaintiffs.  That
5 Plaintiffs thought that information relating to the district managers was enough does not rise to
6 the level of good cause necessary to warrant modification of the scheduling order.
7    Accordingly, Plaintiffs' request to modify the scheduling order and reopen discovery is
8 DENIED.
9 B.   Mr. McKernan's Deposition
10    Plaintiffs next request that the Court order a short, focused deposition of ACSC President
11 Thomas McKernan.  Plaintiffs noticed his deposition on April 29, 2005, but, in the face of
12 Defendant's objections, agreed to take other depositions first to try and determine the nature and
13 extent of Mr. McKernan's involvement in the compensation plan.  After the deposition of Dianne
14 Grice, Plaintiffs renewed their request.  Based on Ms. Grice's testimony, Plaintiffs believe Mr.
15 McKernan has unique and/or personal knowledge about the reasons for the compensation plan
16 approval and implementation.
17    "A strong showing is required before a party will be denied entirely the right to take a
18 deposition."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  In certain
19 situations, the courts are willing to protect high-level corporate officers from depositions.
20 However, where the officer has first-hand knowledge of facts relevant to the case, even if the
21 testimony will be repetitive, the court will allow the deposition.  First United Methodist Church
22 of San Jose v. Atlantic Mut. Ins. Co., 1995 WL 566026. *2-3 (N.D.Cal.,1995) (recognizing
23 requirements of Liberty Mutual, but determining that "where a corporate officer has first
24 hand-knowledge of important, relevant, and material facts in the case the deposition should be
25 allowed."); Anderson v. Air West Inc., 542 F.2d 1090, 1093 (9th Cir. 1976); Blankenship, 519
26 F.2d at 429.
27    Based on Ms. Grice's deposition testimony, Plaintiffs argue that Mr. McKernan was
28 directly involved in the approval and implementation of the compensation plan and in decisions

4

relating to Plaintiffs' longevity at ACSC. Indeed, Ms. Grice's testimony indicates that Mr. McKernan was a Staff Officer involved in discussions about the plan and about the plan's approval. Deposition of Dianne Grice, attached as Exhibit A to Joint Statement, at 62, 67. It therefore appears that Mr. McKernan may have first hand knowledge of facts relevant to this action.

Accordingly, Plaintiffs should be allowed to question Mr. McKernan regarding his knowledge of the plan's implementation and their request is GRANTED. However, the Court determines that interrogatories, not a deposition, would be most efficient discovery tool. Plaintiffs shall be allowed to propound no more than twenty (20) interrogatories on Mr. McKernan. The interrogatories must be focused on these issues: (1) whether Mr. McKernan knew or considered the ages of the District Managers in formulating the compensation plan; (2) whether, when the plan was approved or sometime thereafter, Mr. McKernan knew or believed that the plan disparately impacted District Managers or older District Managers; and (3) whether Mr. McKernan was aware of the requirement not to discriminate, even by disparate impact, against employees over the age of 40.

Plaintiffs shall propound the interrogatories no later than August 5, 2005.[2] Mr. McKernan will have thirty (30) days of the date of service to respond.

C.      Responses of Sandra Adame

Finally, Plaintiffs request that the Court compel Sandra Adame, produced by Defendant in response to Plaintiffs' notice of 30(b)(6) deposition, to answer certain questions asked at her deposition.

Plaintiffs requested the deposition of Defendant's PMK as to numerous topics, including "The policies and practices of the Defendant Southern California Automobile Club relating to the handling of age discrimination claims by employees since 1985," and "The policies and practices of the Defendant Southern California Automobile Club relating to the handling and responding and remediation of employee complaints referred to the EEOC." Exhibit F, attached to Joint

---

[2] The parties were informed at the hearing of the Court's tentative ruling on this issue and agreed to this time frame.

Statement, at 2-3.  On May 19, 2005, Defendant produced Human Resources Manager Sandra Adame.

Ms. Adame testified that she was aware of the EEOC complaints made against Defendant and that she had personal knowledge of each of the Plaintiffs' EEOC complaints.  Exhibit G, attached to Joint Statement, at 14, 17, 19, 20.  Defendant's counsel prohibited Ms. Adame from answering questions about (1) whether Defendant's employees above the managerial level have to take a class in harassment or discrimination; (2) whether Defendant undertakes a remediation process regarding EEOC violations; and (3) whether she knew what constituted an EEOC violation.  Specifically, Defendant's counsel argued that these questions did not relate to the PMK topics of "handling and responding and remediation" of employee complaints.  Exhibit G, attached to Joint Statement.  Exhibit G, attached to Joint Statement, at 29-36.

The parties' dispute concerns the scope the designation set forth in Plaintiffs' PMK notice regarding "The policies and practices of the Defendant Southern California Automobile Club relating to the handling and responding and remediation of employee complaints referred to the EEOC."  As Defendant argues, the PMK notice limited the "handling and responding and remediation" to *employee complaints referred to the EEOC.*  A review of Ms. Adame's deposition reveals that Plaintiff's counsel failed to ask questions regarding this specific topic.  Instead, counsel attempted to ask questions about training in general, a topic not within the scope of the PMK notice.  Accordingly, because the unanswered questions were not within the scope of the PMK notice, Plaintiff's request is DENIED.

IT IS SO ORDERED.

Dated:    **August 5, 2005**                **/s/ Dennis L. Beck**
3b142a                                        UNITED STATES MAGISTRATE JUDGE